IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| APPISTRY, INC., | ) |
| | ) |
| Plaintiff, | ) Case No.4:13-cv-2547-HEA |
| | ) |
| v. | ) PATENT CASE |
| | ) |
| AMAZON.COM, INC. and AMAZON WEB SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

**AMAZON'S MEMORANDUM IN SUPPORT
OF ITS MOTION TO TRANSFER VENUE TO THE
WESTERN DISTRICT OF WASHINGTON PURSUANT TO 28 U.S.C. § 1404**

Amazon[1] moves, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Western District of Washington because the parties entered into an agreement containing a forum-selection clause stating that the Western District of Washington has exclusive jurisdiction over this action. The Supreme Court has held that such agreements are valid and must be enforced in all but the most exceptional cases. This is not an exceptional case. Accordingly, this case should be transferred to the Western District of Washington pursuant to the parties' agreement.

---

[1] Defendants Amazon.com, Inc. and Amazon Web Services, Inc., are referred to collectively herein as "Amazon." Amazon Web Services, Inc. is referred to as "AWS." Plaintiff Appistry, Inc. is referred to as "Appistry."

## I.    FACTS

### A.  The Parties

Amazon.com is one of the largest online commerce companies in the world with headquarters in Seattle, Washington.  AWS, a wholly owned subsidiary of Amazon.com, is also headquartered in Seattle, Washington.  AWS is a provider of computational services, including cloud computing services.  According to its complaint, Appistry is a computer technology development company that specializes in high performance computing technology. (Dkt. 21, ¶¶ 9-10.)

### B.  **Appistry Pitches Amazon as a Vendor**

In 2004, Appistry contacted Amazon to offer Amazon a license to Appistry's computing technology. (Dkt. 21, ¶ 11.)  Two meetings between Amazon and AWS related to the potential license were held at Amazon's Seattle offices in 2004. (*Id.* ¶¶ 12, 15.)  After the meetings, Amazon decided that it was not interested in Appistry's technology, and it never purchased the license. (*Id.* ¶ 21.)

### C.  **Appistry Becomes a Customer of AWS and Enters the AWS Customer Agreement**

Four years later, on November 24, 2008, Appistry signed up to use AWS's services. (Rogers Decl., ¶¶ 3-7.)  Since, at least, January 2012, Appistry has used AWS's services, including Amazon's Elastic Compute Cloud ("EC2"), on a continuing basis since that date. (*Id.*, ¶ 3)  In order to register and use AWS's services, including AWS's EC2 services, Appistry entered into the AWS Customer Agreement. (*Id.*, ¶ 8-9)  The Customer Agreement is a "clickwrap" agreement, meaning that Appistry had to affirmatively acknowledge, by checking a box on AWS's website, that it had read and agreed to the terms of the Customer Agreement. (*Id.*; Exhibit A, AWS Customer Agreement.)  Appistry's agreement to the Customer Agreement

is confirmed by Amazon's database records which reflect that Appistry affirmatively agreed to the terms of the Customer Agreement on November 24, 2008 and again on December 9, 2011. (Rogers Decl. ¶¶ 3-7, 11.)  The Customer Agreements that Appistry affirmatively entered in 2008 and 2011 both provide that the current AWS Customer Agreement posted on AWS's website governs the relationship between AWS and Appistry.  (Ex. C, §12;  Ex. D, § 2.)  *Ken Behlman Auto. Servs. Inc. v. The Reynolds & Reynolds Co.*, Civ. No. 4:12CV317 CDP 2012 U.S. Dist. LEXIS 91154, (E.D. Mo. July 2, 2012) (enforcing the current version of a contract that contained a provision which allowed unilateral modifications to the agreement by one of the parties).  A copy of the current AWS Customer Agreement is attached as Exhibit A.

All three Customer Agreements contain a forum-selection clause.  The current governing Customer Agreement provides that:

> Any dispute relating in any way to the Service Offerings or this Agreement where a party seeks aggregate relief of $7,500 or more will be adjudicated in any state or federal court in King County, Washington. You consent to exclusive jurisdiction and venue in those courts.

(Exhibit A, § 13.11.)  The United States District Court for the Western District of Washington is the federal court in King County, Washington.  Appistry also agreed that it would not assert any patent infringement or other intellectual property infringement claim against Amazon "regarding any Service Offerings [Appistry has] used."  (Exhibit A, §8.5.)

### D.  This Lawsuit

In December 20, 2013, nine years after the 2004 meetings between Amazon and Appistry and six years after Appistry first agreed to the AWS Customer Agreement in order to use AWS services including EC2, Appistry filed its initial complaint in this matter against Amazon alleging, *inter-alia*, that EC2 infringed two of Appistry's patents.  (Dkt. 1.)  On February 11, 2014, Appistry filed its First Amended Complaint, which maintained the same infringement

3

allegations against EC2. (Dkt. 21.) Amazon answered Appistry's First Amended Complaint on February 25, 2014 based on the information then available to Amazon. (Dkt. 28.) To date, and in accord with the Court's case management order, the parties have exchanged their initial disclosures, and Appistry has served its asserted claims and preliminary infringement contentions upon Amazon. (Dkt. 36 & 37.)

Amazon did not uncover that Appistry had entered into the Customer Agreement until June 2, 2014. (Dkt. 41,[2] at ¶¶ 3-4.) Given the newly discovered Customer Agreement, Amazon amended its answer to indicate that the Western District of Washington is the proper forum for Appistry's claims.[3] (Dkt. 43, ¶ 8.) Moreover, Amazon now raises, as an additional defense and counter-claim, that Appistry is barred from the relief that it seeks pursuant to Section 10.4 of the Customer Agreement. (*Id.* at 15, 18-19.)

## ARGUMENT

In light of the forum-selection clause in the Customer Agreement and pursuant to 28 § U.S.C. 1404(a), this case should be transferred to the Western District of Washington. Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." As the Supreme Court recently held in *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 134 S. Ct . 568 (2013), a forum-selection clause is properly enforced

---

[2] Declaration of Lara Rogers In Support of Amazon's Motion for Leave To File An Amended Answer.
[3] The Court's Case Management Order allows the parties until August 20, 2014 to amend their pleadings. (Dkt. 36 at 1; Dkt. 37.) Nonetheless, upon discovery of the Customer Agreement, and before filing its motion for leave to file its amended answer, Amazon promptly notified Appistry and requested, among other things, that Appistry consent to transfer this case to the Western District of Washington. (Dkt. 39, Ex. B.) Appistry opposed the request.

4

via a § 1404(a) motion to transfer and "[w]hen a defendant files such a motion . . . a district court should transfer the case unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor a transfer." *Id.* at 575. No "extraordinary circumstances" exist here. *Id.* Thus, based on the agreement of the parties, this case should be transferred to the Western District of Washington.

### A. The Forum-Selection Clause Is Enforceable and Binding on Appistry

The forum-selection clause in the Customer Agreement is binding on Appistry. Amazon's business records confirm that Appistry entered into and accepted the terms of the Customer Agreement, including the forum-selection clause, as it was required to do before accessing services such as EC2, which Appistry has used.[4] (Rogers Decl. ¶¶ 3-11; Ex. A, § 13.11.)

In addition, the forum-selection clause is valid and enforceable.[5] "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." *Earll v. Ebay, Inc.*, 764 F. Supp. 2d 1148, 1150

---

[4] The 2008, 2011 and current Customer Agreements all contain forum-selection clauses that are substantive the same. (See, Ex. A, § 13.11; Ex. C, § 13.11; Ex. D, § 14.1.) Thus, although the analysis in this motion focuses on the current Customer Agreement, transfer would still be required under the 2008 and 2011 agreements.

[5] Not only is the forum-selection clause binding and enforceable, the Customer Agreement as a whole is a binding, enforceable clickwrap agreement. In general, a clickwrap agreement is an agreement where "[a] customer must affirmatively click a box on the website acknowledging receipt of and assent to the contract terms before he or she is allowed to proceed using the website." *See Burcham v. Expedia, Inc.*, No. 4:07CV1963 CDP, 2009 U.S. Dist. LEXIS 17104, *7-8 (E.D. Mo. Mar. 6, 2009). Clickwrap agreements are valid, enforceable agreements under Washington and Missouri law. *Doe v. Project Fair Bid Inc.*, No. C11-809 MJP, 2011 U.S. Dist. LEXIS 89511, *10 (W.D. Wash. Aug. 11, 2011) ("[C]lickwrap agreement[s] [have] been upheld in several cases in this circuit and elsewhere."); *Burcham*, 2009 U.S. Dist. LEXIS 17104, at *8 (noting that "[s]uch agreements have been routinely upheld by circuit and district courts" and "[t]here is no reason why the enforceability of the offeror's terms should depend on whether the taker states (or clicks) 'I agree'"); *see also Major v. McCallister*, 302 S.W.3d 227, 229 (Ct. App. Mo. 2009) ("Courts routinely enforce clickwraps").

(W.D. Mo. 2011).  Plaintiff bears a "heavy burden" to show that a forum-selection clause should not be enforced. *Burcham*, 2009 U.S. Dist. LEXIS 17104 at *15*.  Here, there was no fraud or overreaching.  To the contrary, the forum-selection clause merely requires that any disputes about AWS services are litigated in the forum with the most connections to those services.  Appistry cannot meet its heavy burden to show that the forum-selection clause should not be enforced.

### B.  The Forum-Selection Clause Applies to this Matter

The forum-selection clause is applicable to Appistry's claims in this matter.  The forum-selection clause applies in "[a]ny dispute relating in any way to the Service Offerings or this Agreement where a party seeks aggregate relief of $7,500 or more."  (Ex. A, §13.11)  This lawsuit involves two AWS "Service Offerings" – EC2 and SWF – which form the sole basis for Appistry's infringement contentions.  (Ex. E.)  Indeed, the Customer Agreement, via incorporation of the Service Terms, specifically identifies EC2 as a service covered under the agreement.  (Ex. A; Ex. B.)  Thus, the forum-selection clause applies to this matter.

While a relationship between this dispute and AWS's services is the only connection required for the forum-selection clause to govern here, there is an additional connection between the claims and Customer Agreement.  Amazon has pled Section 8.5 of the Customer Agreement as a defense to Appistry's claims.  (Dkt. 43 at 14, 18-19.)  Section 8.5 bars Appistry from asserting a patent infringement claim against any AWS services which it has used.  (Exhibit A, § 8.5.)   Here, there is no dispute that Appistry has used EC2 and that EC2 is, at least, part of Appistry's infringement contentions.  Accordingly, Appistry's claims also fall within the scope of the forum-selection clause based on Amazon's reliance on the Customer Agreement as a defense.  *See Aerus LLC v. Pro Team, Inc.*, No. 3:04-CV-1985-M, 2005 U.S. Dist. LEXIS 8559, *24 (N.D. Tex. May 9, 2005) ("[O]ne of the Defendant's defenses to the patent infringement

6

claim is based on the 2003 Agreement. 'If enforcement of a provision in the [Agreement] is . . . a defense to a claim, that claim involves a right or remedy under the contract and should fall within the scope of the forum selection clause.'"); *Production Resource Group, L.L.C. v. Martin Professional*, 907 F. Supp. 2d 401, 412-15 (S.D.N.Y. 2012) (holding that the forum-selection clause applied when the contract was asserted as a defense and the forum-selection clause governed disputes "relating to" the agreement); *see also Designsense, Inc. v. MRIGlobal*, No. 4:13-CV-010-DGK, 2013 U.S. Dist. LEXIS 88626, *5-6 (W.D. Mo. June 25, 2013) (noting that "[c]ourts read forum selection clauses using [such as 'to relate to'] language broadly.")

### C. This Case Should Be Transferred Pursuant to 28 U.S.C. § 1404(a)

Our Supreme Court directed that "a proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'" *Atlantic Marine* at 579. Unlike the typical 1404(a) analysis, when there is a governing forum-selection clause, "the plaintiff's choice of forum merits no weight," and "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* at 581. Consequently, this Court should give no preference to Appistry's selected forum, and it is Appistry's burden to show why this case should not be transferred to the Western District of Washington.

When there is a forum-selection clause, "[a] court . . . must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* at 582. In other words, "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests." *Id.* Such "private interests" include ease of access to proof, convenience of witnesses, and "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* at 581 n.6. *See also H&R Block Tax Servs. LLC v. Acevedo-Lopez*, No. 12-1320-CV-W-SOW, 2014 U.S. Dist. LEXIS 29400, *18-21

(W.D. Mo. Mar. 5, 2014) (holding that, under *Atlantic Marine Construction*, the court may not consider arguments related to the convenience of the parties and witnesses).[6]

Consequently, the Court may look only to the public interest factors to determine whether they defeat the great weight given to the forum-selection clause.[7] *Atlantic Marine*, 134 S. Ct. at 582. As the Supreme Court explained, "those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* Here, the public interest factors also strongly favor a transfer.[8] *See In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (listing the public factors to be considered in a 1404(a) analysis). Both the familiarity of the forum with the law that will govern the case and the avoidance of unnecessary problems of conflicts of law favor the Western District of Washington because Washington law, not Missouri law, will govern Amazon's defense based on the Customer Agreement. In addition, the interest in having localized issues decided at home also

---

[6] Even if this Court were to consider the private interest factors, those factors would weigh in favor of transferring this matter to the Western District of Washington. Amazon is headquartered in Seattle, which is located in the Western District of Washington. (Dkt. 21, ¶ 2.) As such, many of party and non-party witnesses that Amazon intends to call at trial are located in or around the Seattle area, including many of Amazon's employees. (*See* Ex. G, Amazon's Initial Disclosures.) Moreover, this is a patent infringement case where "the bulk of the relevant evidence . . . comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Genentech*, 566 F.3d 1338, 1345 (Fed. Cir. 2009) (finding that the "access to evidence" factor weighed in favor of transfer because it would be a significant and heavy burdern on petitioners to have to transport documents if the case was not transferred).

[7] Appistry's agreement to exclusive jurisdiction in the Western District of Washington also demonstrates that this case could have been brought in that district. In addition, personal jurisdiction over Appistry likely exists in the State of Washington based on the business that Appistry conducts in that state, including its ongoing relationship with Amazon and the meetings with Amazon referenced in the Amended Complaint.

[8] The administrative difficulties flowing from court congestion is a neutral factor. See *Genentech*, 566 F.3d at 1347 (noting that court congestion is "the most speculative" factor in the §1404 analysis). As of March 31, 2013, the average time to trial in this District is 22.1 months and the average time to trial in the Western District of Washington is 20.0 months. (Ex. F)

8

favors transfer because this case allegedly arises, in part, based on meetings that took place in Amazon's offices in Seattle, Washington. (*See* Dkt. 21, at ¶¶ 12, 15.) For all these reasons, Appistry cannot meet its burden to show that this is an unusual circumstance, such that the public interest factors defeat Amazon's motion to transfer.

## II.     Conclusion

The parties entered into the Customer Agreement which contains a forum-selection clause that requires that all disputes related to the products and services at issue here are subject to the exclusive jurisdiction of the Western District of Washington. The Supreme Court has recently mandated that forum-selection clauses should have "controlling weight" in motions to transfer venue pursuant to § 1404(a). Accordingly, Amazon respectfully request that this Court transfer this matter, in its entirety, to the Western District of Washington.


Dated: July 8, 2014                                     Respectfully submitted,

                                                        JENNER & BLOCK LLP

                                                        By: /s/ Benjamin J. Bradford

                                                        David W. Harlan, #20127MO
                                                        dharlan@armstrongteasdale.com
                                                        B. Scott Eidson, #57757MO
                                                        seidson@armstrongteasdale.com
                                                        Jennifer E. Hoekel, #45880MO
                                                        jhoekel@armstrongteasdale.com
                                                        7700 Forsyth Boulevard, Suite 1800
                                                        St. Louis, MO 63105
                                                        Telephone: (314) 621-5070
                                                        Facsimile: (314) 621-5065

Bradford P. Lyerla (*pro hac vice*)
blyerla@jenner.com
Benjamin J. Bradford (*pro hac vice*)
bbradford@jenner.com
Jennifer T. Beach (*pro hac vice*)
jbeach@jenner.com
Jenner & Block LLP
353 North Clark Street
Chicago, Illinois 60654-3456
Telephone: (312) 222-9350
Facsimile:  (312) 527-0484

*Attorneys for Defendants*
*Amazon.com, Inc. and*
*Amazon Web Services, Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on July 8, 2014, I caused true and correct copies of the foregoing to be served via the Court's CM/ECF system upon all counsel of record.


                                          /s/ Benjamin J. Bradford